UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES OF AMERICA,       :

                Plaintiff,       :        MEMORANDUM & ORDER

        -against-       :        13-CR-452 (ENV)

GARY KERSHNER, *et al.*,       :

                Defendants.       :
-------------------------------------------------------------- x

VITALIANO, D.J.

      Defendant Gary Kershner moves for a 60-day extension of his September 21, 2020 surrender date. Kershner was found guilty of seven felony charges by a jury on November 9, 2015 and sentenced to 30 months' imprisonment on February 28, 2020. He is scheduled to report to the satellite camp at United States Penitentiary Tucson ("USP Tucson") on September 21, 2020. Presumably, the pertinent facts are well known to both sides and will not needlessly be repeated here. As discussed below, the motion is denied.

      On August 20, 2020, Kershner filed the instant motion to extend his surrender date by 60 days, citing the COVID-19 pandemic. Dkt. 569. Kershner argues delay is warranted because he is at heightened risk for complications from COVID-19 given his age and medical history, and because the pandemic has spread widely within prison populations. Neither the government nor Pretrial Services agree. Dkt. 571 ("Gov't Opp'n"), at 5; Dkt. 570. More importantly, the government describes that Kershner's designated BOP facility has *no* COVID-19 cases. Gov't Opp'n at 5. USP Tucson has just one staff case and no current inmate cases, with one inmate and six staff who have recovered. *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Sept. 12, 2020). The minimum-security

satellite camp of USP Tucson where Kershner will serve his sentence has no cases at all.  Gov't Opp'n at 5.

Indisputably, COVID-19 has spread extensively across the nation and its prison.  To prevail on his motion, however, Kershner must show that individualized risk factors warrant delaying his surrender date.  Generalized assertions that a defendant fears contracting COVID-19 are insufficient to merit relief.  *See, e.g.*, *United States v. Kaba*, No. 19-CR-242 (PAC), 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020).  There is no question that at 80 years of age and having suffered adverse medical circumstances, Kershner would qualify as an at-risk inmate.  *See People at Increased Risk*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions (last visited Sept. 12, 2020).  Age alone, however, does not compel relief, since federal prisons contain thousands of inmates over age 65.  *See United States v. Ng Lap Seng*, No. 15-CR-706 (VSB), 2020 WL 2301202, at *8.

Indeed, the Court considered Kershner's age and medical history when it sentenced him in February.  Kershner offers nothing new about his medical condition, and offers absolutely nothing about the satellite facility to suggest that it cannot meet concerns related to his age and medical needs.  In fact, now, as it did at the time of sentence, Kershner's "condition appear[ed] to be – as it has been for some time – medically controlled," underscoring Kershner's failure to demonstrate individualized risk factors.  *United States v. Stone*, No. 19-CR-0018 (ABJ), 2020 WL 3629985, at *2 (D.D.C. June 26, 2020).

Kershner also fails to offer specific arguments regarding his designated BOP facility, the satellite camp at USP Tucson.  As with defendants' speculative health claims, broad assertions of prisons' inability to manage the pandemic are unavailing.  *See, e.g.*, *Ng Lap Seng*, 2020 WL 2301202, at *9 (S.D.N.Y. May 8, 2020) ("[T]he blanket claim that BOP's action plan is

ineffective is a generalization and an overstatement"); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence"). This is especially true when there are *no* reported COVID-19 cases at a defendant's BOP facility. Moreover, as the government details, BOP has implemented an extensive action plan designed to limit the impact of COVID-19. Gov't Opp'n at 3–5. BOP is screening all new inmates, quarantining those who may be infected and decreasing movement between facilities. *Id*.; *see also COVID-19 Action Plan: Phase Five*, Fed. Bureau Prisons (Apr. 1, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. All of these achievements came while those beyond their walls in Arizona became an epicenter of the COVID-19 pandemic.

Last, Kershner's case has already experienced lengthy delays. Kershner's surrender date comes seven years after his indictment and five years after his conviction. This Court granted multiple extensions of Kershner's sentencing hearing and set a surrender date four months after judgment was entered. Now, twelve years after Kershner joined in a penny stock scheme that defrauded thousands of unwitting investors, it is time for him to answer for his crimes.

Conclusion

For the foregoing reasons, Kershner's motion is denied.

So Ordered.

Dated:   Brooklyn, New York
         September 12, 2020

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge